## BENSON *vs.* THE INHABITANTS OF CARMEL.

Where it was the usage of a town to liquidate its debts by an order drawn by the selectmen on its treasurer, in favor of each creditor; and such an order was drawn and tendered to a creditor of the town, who well knew the usage at the time of contracting, but who refused to receive the order because it did not cover certain disputed items of his account ;—it was held, that this was not a sufficient tender to bar the creditor from pursuing his remedy on the original demand.

THIS was an action of *assumpsit* upon implied promises to pay the amount of the plaintiff's account annexed to his writ.  While the action was pending in the court below, the parties agreed to a statement of facts, therein admitting that the principal item of

$25,48 for the support of a town pauper was justly due to the plaintiff; and that the other items were not legally chargeable to the defendants. It was further agreed, that it was a general usage and custom with this and other towns, in transacting their business, to liquidate their debts by an order drawn by their selectmen, on the treasurer, in favor of each creditor;—that the plaintiff knew of this custom and usage at the time the pauper was placed with him at board;—that he presented his account to the selectmen, who drew their order on the treasurer for the amount of the board, he then having sufficient funds in his hands; but the plaintiff refused to receive it because it did not include all the items of his account. The order was not negotiable. Upon these facts the plaintiff's right to recover in this action was submitted to the decision of the Court.

The question was briefly spoken to by *Jewett*, for the plaintiff, and *Kent* and *Rogers* for the defendants; and the opinion of the Court was delivered at the ensuing *June* term in *Washington*, by

MELLEN C. J. In this action the plaintiff declares on an account annexed to the writ, containing several charges, on which he claimed a right to recover; but afterwards, when the agreed statement of facts was signed, the plaintiff acknowledged that none of the charges could be sustained, but the first for $25,48; and the correctness of this was then admitted by the defendants; and as to this sum the only question is whether the proceedings, stated by the parties respecting the drawing and offer of the order to the plaintiff, and his refusal to receive it, taken in connexion with the knowledge of the plaintiff as to the usual mode of transacting such business, by the selectmen and treasurer of the town, with the creditors of the town, is equivalent to a tender of the money for which the order was drawn. No case has been cited which in all respects resembles this. In the case of *Varner v. Nobleborough*, 2 *Greenl.* 121, the plaintiff had accepted the town order in payment; and the court decided, that according to the well known usage, it was his duty to present it for payment to the treasurer, before he could sustain an action upon the order; but in the pres-

ent case the order was not accepted by the plaintiff, he at that time claiming that a larger sum was due than the amount of the order which he refused to receive; and such a claim was the reason of his refusal. We apprehend that the knowledge of the usage in such cases does not lay a creditor under any obligation to a compliance with it, except in those cases where he voluntarily receives an order for an undisputed amount. In such a case he must present it to the treasurer, and not sue the town upon it before so doing. But when he refuses the order, he thereby puts the town on its guard, and those who have the management of its prudential concerns, may then protect themselves from damages occasioned by a suit, by a legal tender of the amount due. In *Varner v. Nobleborough*, the order was negotiable, and, like a negotiable promissory note, amounted to payment of the account, and an extinguishment of the implied promise; and the order not having been presented, the plaintiff failed in his suit. But in the action of *Slemmons v. Westbrook*, cited and commented upon in *Varner v. Nobleborough*, the order was not a negotiable one, and it is understood that the Court permitted the plaintiff to recover on the account annexed to his writ, that is, upon the unextinguished implied promise. In the case before us, the order is not negotiable and the action is founded on the implied promise, and this seems governed by the same principles which dictated that decision. The defendants should have tendered as much as they confessed to be due, and not have relied on the offer of an order for that amount only, while a contested claim for a larger sum was insisted on by the plaintiff at the time. The effect of the proceedings adopted should be considered according to the then existing facts, and not the facts subsequently ascertained. The defendants must be defaulted.